UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Delaneo-Nathaniel Tillman, Sr.,            Civil No. 24-570 (DWF/ECW)

      Plaintiff,

v.                                               MEMORANDUM
                                                  OPINION AND ORDER

Capital One Auto Finance, Volkswagen
Group for Audi, and JP Morgan Chase,

      Defendants.

## INTRODUCTION

This matter is before the Court on Motions to Dismiss brought by Defendants JPMorgan Chase Bank N.A. ("Chase") (Doc. No. 6) and Volkswagen Group of America ("VW") (Doc. No. 16).[1]  For the reasons set forth below, the Court grants the motions.

## BACKGROUND

On January 26, 2024, Plaintiff filed a *pro se* lawsuit against Chase, VW, and Capital One Auto Finance ("Capital One") (together, "Defendants") in Hennepin County District Court.  (Doc. No. 1-1 ("Compl.").)  On February 22, 2024, Chase removed the case to this Court.[2]  While the exact basis for Plaintiff's Complaint is unclear, it appears

---

[1] Defendants assert that Chase was incorrectly sued as "JP Morgan Chase" and VW was incorrectly sued as "Volkswagen Group for Audi." (Doc. No. 8 at 1; Doc. No. 17 at 1.)

[2] The Court will file an order in that case separately.

that Plaintiff seeks to discharge his car loan on the grounds that Defendants violated Article I, Section 10, Clause 1 of the United States Constitution.  (*Id*. ¶ 1.)  Plaintiff further states on his civil cover sheet that he is "not in a position to pay off a debt constitutionally and cannot be held accountable for paying any debt."  (*Id*., Civil Cover Sheet.)  Plaintiff alleges that Defendants are "about getting payment but the United States Constitution of America has been breached pursuant to Article 1, Section 10, clause 1" and that Defendants are "asking for payment of debt when they are just suppose [sic] to balance the book-entry for all transactions."  (*Id*.)

Chase and VW now move separately to dismiss Plaintiff's Complaint.

## DISCUSSION

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6).  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

*Pro se* complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Moreover, "a court is under no obligation to repeatedly accept baseless filings, particularly those of the sovereign citizen fashion." *Siruk v. Minnesota*, No. 20-CV-2373, 2021 WL 1581242, at *3 (D. Minn. Feb 22, 2021), *report and recommendation adopted* 2021 WL 1577681 (D. Minn. Apr. 22, 2021).

### A.     Constitutional Violations

Plaintiff alleges that a car loan should be discharged because he believes that debts may only be paid in "gold or silver." Plaintiff then alleges that "financial institutions are to balance the book-entry for the beneficiaries" and "[n]o one signed the promissory note but [him], so [he] provided credit to the transaction, not the financial institutions as depositories." (Compl. ¶¶ 1-2.) He also cites to "House Joint Resolution 192 which

3

created Public Law 73-10" and claims that "the account is closed as paid considering the note was in the prepaid book-entry system." (*Id*. at Demand.) Plaintiff does not expressly identify himself as a sovereign citizen or expressly refer to the "vapor money" theory. Nonetheless, his allegations are an attempt to allege a "vapor money" theory as a ground for recovery.

The "vapor money" theory typically relies on the "convoluted and nonsensical argument that a plaintiff does not owe the money advanced by the lender on his loan because the indebtedness was not funded by the lender with actual money." *Tonea v. Bank of Am., N.A.*, 6 F. Supp. 3d 1331, 1344 (N.D. Ga. 2014). "The essence of the 'vapor money' theory is that promissory notes (and similar instruments) are the equivalent of 'money' that citizens literally 'create' with their signatures." *McLaughlin v. CitiMortg., Inc.*, 726 F.Supp.2d 201, 212 (D. Conn. 2010). The "vapor money" theory has been consistently rejected by federal courts in this District and across the country as frivolous and nonsensical. *See Connell v. Wells Fargo Bank, N.A.*, Civ. No. 10-3133, 2011 WL 4359979, at *2 (D. Minn. Sept. 19, 2011) (citing *Hennis v. Trustmark Bank*, Civ. No. A.210-20KSMTP, 2010 WL 1904860, at *5 (S.D. Miss. May 10, 2010) ("From coast to coast, claims that debts have been paid under the redemption theory . . . have been dismissed as frivolous.")); *Baker v. CitiMortg., Inc.*, Civ. No. 16-1103, 2016 WL 4697334, at *2 (D. Minn. Sept. 7, 2016) ("There is no legal authority that supports the "vapor money" theory. Indeed, it has been repeatedly rejected as frivolous by courts across the country.") (collecting cases); *Thomas v. Servbank*, Civ. No. 23-223, 2023 WL 9226936, at *8 (S.D. Ala. Dec. 7, 2023) (dismissing with prejudice

a case where claims are based on the "fundamentally frivolous" variation of the a legal theory which the "vapor money theory" is a tenet of or corollary to); *Barnes v. Citigroup Inc.*, Civ. No. 4:10-620, 2010 WL 2557508, at *2 (E.D. Mo. June 15, 2010) (noting that the "vapor money theory" has been rejected by federal courts across the country).

Plaintiff's Complaint, in which he attempts to allege the "vapor money" theory to invalidate his car loan, based on the U.S. Constitution fails. Not only has the theory been rejected, but Plaintiff otherwise fails to allege any acts by Defendants to create monetary obligations that run afoul the U.S. Constitution. For this reason, Plaintiff's Complaint is properly dismissed in its entirety with prejudice.[3]

---

[3] Even if Plaintiff had alleged a Constitutional violation against Defendants, it would fail for the additional reason that Article 1, Section 10, Clause 1 restrains the power of states, and not private entities. *See* U.S. Const. art. 1, § 10, cl. 1 ("No State shall . . . make any Thing but gold and silver Coin a Tender in Payment of Debts . . . ."); *Bey v. Valair*, Civ. No. 20-10019, 2020 WL 1694919, at *1 (D. Mass. Apr. 6, 2020) (stating that "[U.S. Const. art 1, § 10, cl. 1] merely restrains the powers of a state"); *McLaughlin*, 726 F. Supp. 2d at 218 ("Private parties may enter into transactions to trade whatever they agree on as having equal value; they are not limited to gold and silver coins.") (citation omitted). Defendants cannot be in breach of this clause. Similarly, to the extent that Plaintiff argues that the contract underlying his car loan should be invalidated by the Contract Clause of the U.S. Constitution, this argument fails because the Contract Clause applies to laws passed by states. *See, e.g.*, *Pittman v. Swanson*, Civ. No. 11-3638, 2023 WL 2404044, at *18-19, (D. Minn. Jan. 27, 2023); ("The Contract Clause of the United States Constitution forbids states from interfering with contractual obligations.") (citing U.S. Const. art. 1, § 10, cl. 1.).

And in addition, to the extent that Plaintiff argues that only gold and silver coin constitutes legal tender in the United States, this argument was rejected by the United States Supreme Court over a century ago. *See, e.g.*, *Julliard v. Greenman*, 110 U.S. 421, 447-48 (1884) (holding that Congress has the power to make notes of the United States a legal tender in payment of private debts).

**B.     Fraud**

Reading Plaintiff's Complaint liberally, it is conceivable that he is also attempting to plead a claim for fraud.  (*See* Compl. ¶ 2 ("The defendants all are financial institutions that collected a fiduciary fee from the **one fraudulent** contract form [sic] the automobile I acquired.") (emphasis added); *Id*., Prayer for Relief, ¶ 2 ("I am suing for $2 Million for the fraudulent activity and the injury these defendants have caused.").)

In addition to the pleading standard explained by the Supreme Court in *Twombly* and *Iqbal*, Federal Rule of Civil Procedure 9(b) requires "particularity" when pleading "fraud or mistake."  Fed. R. Civ. P. 9(b).  Rule 9(b) serves to deter suits filed for purpose of discovering unknown wrongs and to enable a defendant to understand a plaintiff's claim and effectively prepare a defense.  *See Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549 (8th Cir. 1997).  To satisfy Rule 9(b), "the complaint must plead the 'who, what, where, when, and how' of the alleged fraud."  *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (citation omitted).  "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule."  *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002) (alteration in original) (citation omitted).

Plaintiff has failed to plead the elements of fraud under Minnesota law with the particularity required by Rule 9(b).  Indeed, Plaintiff has failed to allege any of the

elements at all. For this reason, any purportedly alleged claim for fraud fails and is properly dismissed with prejudice.[4]

## CONCLUSION

Because the entire basis of Plaintiff's claims rest on a legal theory that has been uniformly rejected, any amendment would be futile. Therefore, this case is properly dismissed with prejudice.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Chase's Motion to Dismiss (Doc. No. [6]) is **GRANTED.**

2. VW's Motion to Dismiss (Doc. No. [16]) is **GRANTED.**

3. Plaintiff's claims against Defendants (Doc. No. [1-1] are **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 7, 2024         s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge

---

[4] The Court need not reach any of Defendants' alternative reasons for dismissal.